## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

COMONET SMITH and SHEPPARD DUGAN,

        PLAINTIFFS,

V.

WAL-MART STORES EAST, LP (DELAWARE) TIMOTHY DIXON, DOE 1, DOE 2, DOE 3, DOE 4, and DOE 5,

        DEFENDANTS.

Civil Action No. 21A04885

### AFFIDAVIT OF SERVICE

COMES NOW CLYDE LOUIS before the undersigned officer duly authorized to administer oaths, and, after being sworn on oath deposes and says:

1.

Affiant is more than eighteen years of age, is suffering under no legal disabilities, is otherwise competent to testify in the above case, is not a party hereto and if called to testify, would testify to the facts contained in this affidavit.

2.

I did personally serve Timothy Dixon Sr. at his place of residence located at 3921 Sunbridge Drive, Snellville, GA 30039 on the 21st day of November 2021 at approximately 8:20 P.M. with a Summons, Complaint, Plaintiffs' First Request for Production of Documents to Defendants, Plaintiffs' First Interrogatories to Defendants, and Plaintiffs' First Requests for Admission to Defendants in the above-captioned matter. Mr. Dixon can be described as a black male, 200 lbs, 6'2, 55 years old, with tightly cropped black hair.

_____
Clyde Louis

Sworn to and subscribed before me,
this 21st day of November, 2021.

_____
Notary Public

*[Notary seal: DEANNA GRAMLING, NOTARY, EXPIRES GEORGIA 01-08-2024, PUBLIC, BARTOW COUNTY]*

Copy from re:SearchGA

Exhibit "A" p. 1

 **CT Corporation**

**Service of Process Transmittal**
11/18/2021
CT Log Number 540607931

**TO:**  Kim Lundy- Email
Walmart Inc.
702 SW 8TH ST
BENTONVILLE, AR 72716-6209

**RE:**  **Process Served in Georgia**

**FOR:**  Wal-Mart Stores East, LP  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: SMITH COMONET and SHEPPARD DUGAN // To: Wal-Mart Stores East, LP *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, First Request(s), First Interrogatories |
| **COURT/AGENCY:** | DeKalb County - State Court, GA Case # 21A04885 |
| **NATURE OF ACTION:** | Wrongful Death - Failure to Maintain Premises in a Safe Condition - 04/19/2020, Wal-Mart located at 5401 Fairington Road, Lithonia, GA, 30038 |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company (FL), Cumming, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/18/2021 at 14:19 |
| **JURISDICTION SERVED :** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Edward A. Piasta 3301 Windy Ridge Pkwy., Suite 110 Atlanta, GA 30339 404-996-1296 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/18/2021, Expected Purge Date: 11/23/2021 Image SOP |
| **REGISTERED AGENT ADDRESS:** | The Corporation Company (FL) 106 Colony Park Drive STE 800-B Cumming, GA 30040 877-564-7529 MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Exhibit "A" p. 2

No. _____21A04885_____

**Date Summons Issued and E-Filed**

_____10/28/2021_____
/s/ Monica Gay

Deputy Clerk

Deposit Paid $ _____

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**SUMMONS**

_Comonet Smith and Sheppard Dugan_____

_____
Plaintiff's name and address

**VS.**

**[X] JURY**

Wal-Mart Stores East, LP, (Delaware)

c/o The Corporation Company (FL)

106 Colony Park Drive, Suite 800-B,

**TO THE ABOVE-NAMED DEFENDANT:**

Cumming, GA 30040
Defendant's name and address

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

_Edward A. Piasta_____
Name
_3301 Windy Ridge Pkwy, Ste. 110, Atlanta, Georgia 30339_____
Address
_404 996-1296_____     _____110161_____
Phone Number                           Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

| Defendant's Attorney | | Third Party Attorney | |
|---|---|---|---|
| Address | | Address | |
| Phone No. | Georgia Bar No. | Phone No. | Georgia Bar No. |

**TYPE OF SUIT**

☐ Personal Injury ☐ Products Liability
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability
☒ Other

Principal $ _____

Interest $ _____

Atty Fees $ _____

**Access to the e-filing site and the rules is available at www.dekalbstatecourt.net**
**To indicate consent to e-service check the box below.**
**☒(Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.**

E-file summons1-2016

STATE COURT OF
DEKALB COUNTY, GA.
10/28/2021 11:13 AM
E-FILED
BY: Monica Gay

## IN THE STATE COURT OF DEKALB COUNTY

## STATE OF GEORGIA

COMONET SMITH and SHEPPARD )
DUGAN, )
                           )
     PLAINTIFFS, )      Civil Action No. 21A04885
                           )
V. )
                           )
WAL-MART STORES EAST, LP )
(DELAWARE) TIMOTHY DIXON, )
DOE 1, DOE 2, DOE 3, DOE 4, and )
DOE 5, )
                           )
     DEFENDANTS. )

## COMPLAINT

COME NOW Plaintiffs in the above-styled action and hereby file their Complaint, as follows:

1.

On or about April 19, 2020, Jeremiah Smith died intestate, and is survived by his mother, Comonet Smith and his father, Sheppard Dugan.

2.

Plaintiffs bring this case as Jeremiah's surviving parents. Plaintiffs state their intention to bring each and every claim permissible under Georgia law and seeks all special damages, economic losses, medical expenses, funeral expenses, necessary expenses, pain and suffering and all compensatory, special, actual, general, estate and wrongful death damages permissible under Georgia law.

1

Exhibit "A" p. 4

Plaintiffs seek to recover the full value of Jeremiah's life under Georgia's wrongful death laws. Plaintiffs intend to seek all estate-based damages as well, and will add the administrator of the estate once finalized.

3.

Defendant Wal-Mart Stores East, LP (Delaware) ("Defendant(s)" or "Wal-Mart") is a foreign limited partnership registered to do business in Georgia and is located at 5401 Fairington Road, Lithonia, DeKalb County, Georgia 30038 based on available records. Wal-Mart may be served on its registered agent, The Corporation Company (FL), 106 Colony Park Drive, Suite 800-B, Cumming, Forsyth County, Georgia 30040.

4.

Jurisdiction and venue are proper as to Wal-Mart.

5.

Wal-Mart has been properly served with process in this matter.

6.

Defendant Timothy Dixon ("Defendant(s)" or "Dixon") is a natural person, a Georgia citizen, and was the store manager at the time of the shooting. Defendant Dixon may be served at his personal residence located at 3921 Sunbridge Dr, Snellville, Georgia 30039.

7.

Jurisdiction and venue are proper as to Dixon.

2

8.

Dixon has been properly served with process in this matter.

9.

Out of an abundance of caution, Plaintiffs identify DOE 1, DOE 2, DOE 3, DOE 4, and DOE 5 as party defendants, hereinafter referred to as Defendants or Defendant. The true names and capacities of these Defendants are unknown to Plaintiffs. Plaintiffs bring claims against said defendants by fictitious names. Each defendant designated as a DOE is the proper Wal-Mart entity or other entity owning or occupying the subject premises, and/or a manager and/or employee and/or agent of Wal-mart legally responsible for Decedent's injuries and death, for reasons as outlined in Plaintiffs' Complaint. These DOE Defendants have received such notice of the institution of the action that they will not be prejudiced in maintaining defense on the merits. These DOE Defendants are on notice, and/or should have been on notice, except that but for a mistake as to the real party, the action would have been brought against them.

10.

At all times relevant to this Complaint, Defendants owned, operated, controlled, occupied, and/or managed the Wal-Mart located at 5401 Fairington Road, Lithonia, Georgia 30038.

3

11.

Defendant Dixon was the manager-in-charge for the subject store at the time of the incident at issue, and the Wal-Mart employee legally responsible for designing and implementing a security plan to keep the premises safe for invitees from criminal attacks. At all times, Defendant Dixon was acting in the course and scope of his employment with Defendant Wal-Mart.

12.

On or about April 19, 2020, Decedent Jeremiah Smith was an invitee of the Wal-Mart referenced herein. While an invitee on the property, Jeremiah Smith was shot and killed on the premises. Decedent Smith suffered conscious pain and suffering, became aware of his impending death, and died.

13.

At all relevant times and circumstances then existing, Decedent Smith exercised ordinary care and diligence and was an innocent victim.

14.

Defendants breached their duty owed to Decedent Smith by failing to exercise ordinary care to keep their premises safe.

15.

Before April 19, 2020, Defendants had actual and constructive knowledge of criminal activity existing on their respective premises and approaches and in the surrounding area. Said prior criminal activity was negligently permitted to

4

exist and remain on the subject premises.

16.

At all times mentioned herein, Defendants controlled the relevant premises and the management thereof, and had a legal duty to keep the relevant premises in a state consistent with the due regard of the safety of their invitees, including Decedent Smith. Defendants breached said duties to Decedent Smith and failed to act as similarly situated businesses in like circumstances.

17.

Defendants knew of, or with the exercise of due care for the safety of their invitees should have known of, the dangerous and hazardous conditions existing on their respective premises and of the failure to maintain, inspect, secure, patrol and manage the premises, and that said conditions were likely to result in the injuries suffered by Decedent Smith.

18.

Defendants had actual knowledge of the dangerous and hazardous conditions existing at their premises due to the direct knowledge of their employees and agents and due to the prior criminal activity and dangers associated with the properties and surrounding areas.

19.

Prior to and on April 20, 2020, the relevant premises were negligently maintained, inspected, secured, patrolled, and managed. Defendants had

5

knowledge, both actual and constructive, of the need to properly maintain, secure, inspect, patrol, and manage the premises, but failed to exercise ordinary care.

20.

Even though Defendants had actual and constructive knowledge of criminal activity existing at the relevant premises and in the surrounding area prior to the attack on Decedent Smith, they failed to warn Decedent Smith of the hazardous conditions on their respective premises.

21.

Defendants negligently failed to maintain adequate security devices to permit proper use of the premises, thereby causing an unreasonable risk of injury to their invitees, including Decedent Smith.

22.

Defendants were and are negligent *per se*.

23.

Defendants negligently failed to maintain a policy, procedure, or system of investigating, reporting, and warning of the aforementioned criminal activity and negligently maintained the respective premises.

24.

Defendants are liable for the wrongful death, conscious pain and suffering of Jeremiah Smith.

6

25.

Because Defendants had knowledge of, or in the exercise of reasonable care should have had knowledge of, the dangerous environment of said property, Defendants are liable for the negligent supervision, hiring, training, and retention of their employees and the entrustment of said property to their agents and employees. Said negligence was the proximate cause of the damages and injuries to Decedent Smith.

26.

Defendants were negligent and said negligence proximately caused Decedent Smith's injuries and death in the following ways, to-wit:

a) Violation of O.C.G.A. § 51-3-1 by failing to use ordinary care to keep their premises safe;

b) Violation of O.C.G.A. § 44-7-13;

c) Failing to properly inspect and maintain their premises;

d) Failing to warn of the latent dangers on their premises;

e) Failing to properly train and supervise employees in regard to the maintenance and safety of said premises;

f) Failing in properly retaining, entrusting, hiring, training and supervising said employees;

g) Failing to inspect, patrol, or appropriately monitor their premises; and

h) Failing to design, implement, and employ proper security plans and

7

measures in light of the history of their properties and high-crime area in which their properties are located.

27.

Defendants negligently failed to provide proper security protection, security personnel, or an outside security presence on the property, and negligently failed to design, implement, and employ proper security plans and protections available to Defendants.

28.

Defendants negligently failed to remedy and respond to known criminal activity, loitering, and trespassing on the relevant premises, thereby creating an unreasonable risk of crime to invitees, including Decedent Smith.

29.

Defendants negligently failed to act on knowledge of prior crimes, and the surrounding high-crime area, and failed to act to correct, prevent, or warn of prior criminal activity, loitering, trespassing, and the dangerous environment of said properties.

30.

Defendants negligently represented to their invitees, including Smith, that the premises at issue were properly maintained and that the premises were safe.

31.

Defendants failed to take appropriate action to remedy or reduce the danger

8

to invitees, including Decedent Smith, and allowed the dangerous environment on the subject premises to continue to exist unabated, thereby creating a nuisance.

32.

Defendants' negligence was a cause in fact and a proximate cause of Decedent's injuries and death.

33.

Plaintiffs claim damages for Jeremiah Smith's wrongful death, representing the full value of the Decedent's life, economic and intangible, to Jeremiah Smith had he lived. Plaintiffs seek all wrongful death damages permitted under Georgia law in an amount to be determined by the enlightened conscious of a fair and impartial jury.

34.

Plaintiffs seek general damages for all the elements of the personal injuries, conscious physical and mental pain and suffering, mental anguish, medical expenses, and all other injuries and damages endured by Decedent prior to her death proximately caused by the April 19, 2020 incident at issue. Plaintiffs seek all estate-based damages permitted under Georgia law in an amount to be determined by the enlightened conscious of a fair and impartial jury.

35.

As a proximate and foreseeable result of the Defendants' negligence, Decedent Smith received serious injuries, endured conscious pain and suffering,

9

mental anguish, became aware of his impending death, loss of the enjoyment of life, lost wages, wrongful death, and suffered other damages as will be proven at trial and permitted under Georgia law. Plaintiffs seek recover the full value of the life of Smith for his wrongful death and all other elements of damages allowed under Georgia law. Plaintiffs seek all compensatory, special, economic, consequential, general, and all other damages permissible under Georgia Law, including, but not limited to:

a) Personal and physical injuries;

b) Pain and suffering;

c) Lost past, present, and future wages;

d) Medical expenses;

e) Mental anguish and emotional distress;

f) Incidental expenses;

g) Funeral expenses;

h) Wrongful death;

i) Consequential damages to be proven at trial; and

j) All estate-based and wrongful death damages permitted under Georgia law. [Plaintiffs will substitute with the administrator of the Estate upon appointment.]

36.

Each of the forgoing acts and omissions constitute an independent act of

10

negligence on the part of Defendants and one or more or all above-stated acts were the proximate cause of the injuries to Smith. Defendants are liable for Decedent's injuries sustained, pain and suffering, the cost of treatment, death, and all other elements of damages allowed under the laws of the State of Georgia.

37.

Because Defendants' actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Plaintiffs undue expense, Plaintiffs are entitled to recover their necessary expenses of litigation, including an award of reasonable attorneys' fees and expenses required by this action. (O.C.G.A. §§ 13-6-11 and 9-11-68). Furthermore, Plaintiffs are entitled to all expenses of litigation and attorneys' fees pursuant to all other Georgia statutory and common laws.

**WHEREFORE**, Plaintiffs pray that:

a) Process issue and the Defendants be served as provided by law;

b) Plaintiffs have trial by jury;

c) Plaintiffs be awarded general, special, compensatory, incidental, consequential, wrongful death, estate-based damages, and all other permissible damages in accordance with the enlightened conscience of an impartial jury;

d) For attorneys' fees and costs of litigation in an amount which will be proven through the evidence at the time of trial;

e) Plaintiffs be awarded interest and costs; and

11

f) Plaintiffs be awarded such other and further relief as this Court deems just and proper and permitted under Georgia law.

TRIAL BY JURY IS HEREBY DEMANDED

Dated: October 27, 2021.

**PIASTA NEWBERN WALKER, LLC**

/s/ *Edward A. Piasta*
Edward A. Piasta
Georgia Bar No. 110161
Michael P. Walker
Georgia Bar No. 954678
Andrew L. Hagenbush
Georgia Bar No. 127945
Attorneys for Plaintiffs

3301 Windy Ridge Parkway
Suite 110
Atlanta, Georgia 30339
(404) 996-1296
(404) 996-1316 (fax)
E: edward@pnwlaw.com
   mike@pnwlaw.com
   andrew@pnwlaw.com

STATE COURT OF
DEKALB COUNTY, GA.
10/28/2021 11:13 AM
E-FILED
BY: Monica Gay

## IN THE STATE COURT OF DEKALB COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| COMONET SMITH and SHEPPARD DUGAN, | ) ) ) | |
| PLAINTIFFS, | ) ) | Civil Action No. 21A04885 |
| V. | ) ) | |
| WAL-MART STORES EAST, LP (DELAWARE) TIMOTHY DIXON, DOE 1, DOE 2, DOE 3, DOE 4, and DOE 5, | ) ) ) ) ) | |
| DEFENDANTS. | ) ) | |

## PLAINTIFFS' FIRST REQUEST FOR
## PRODUCTION OF DOCUMENTS TO DEFENDANTS

TO: EACH DEFENDANT

Pursuant to O.C.G.A. § 9-11-26 *et. seq.,* Plaintiffs hereby request that each Defendant respond separately in writing and under oath, to the following Request for Production of Documents within forty-five (45) days from the date of service as provided by law, with a copy of the responses being served upon the undersigned counsel of record for the Plaintiffs at Piasta Newbern Walker, LLC, 3301 Windy Ridge Parkway, Suite 110, Atlanta, Georgia 30339.

Please include the text of each question/request prior to each response. Plaintiffs will do the same in response to Defendant's discovery requests. To facilitate this, Plaintiffs will provide an electronic copy upon request.

STATE COURT OF
DEKALB COUNTY, GA.
10/28/2021 11:13 AM
E-FILED
BY: Monica Gay

Exhibit "A" p. 16

## DEFINITIONS AND INSTRUCTIONS

A. These Requests for Production of Documents and notice to produce shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26 *et. seq.,* so as to require Defendant to serve upon all parties supplemental answers or documents if Defendant or its attorneys obtain further information between the time the answers are served and the time of the trial. Plaintiffs also request that Defendant produce the originals of each document at trial and any deposition of Defendant or their agents or employees.

B. The terms "document" and "documents" mean all documents and tangible things, in the broadest sense allowed under the Georgia Rules of Civil Procedure, and include, but are not limited to, information contained in computer storage and other electronic information retrieval systems, drafts, originals and nonconforming copies which contain deletions, insertions, handwritten notes or comments, however produced or reproduced, or to any other tangible permanent record, and without limitation, shall include, among other things, accident reports, medical reports, work safety logs, employment records, all marketing material, bids, letters, correspondence, records of discussions, conferences, memoranda, notes, telegrams, summaries, telephone logs and records, teletypes, bank checks, bank deposits and withdrawal slips, bank credit and debit memoranda, records,

telexes, private wire messages, communications, calendars, diaries, appointment books, agenda of meetings, conversations, schedules, reports, studies, appraisals, analyses, lists, surveys, budgets, financial statements, financial projections, financial calculations, financial audits, contracts, agreements or proposed agreements, confidentiality agreements, periodicals, charts, graphs, interviews, speeches, transcripts, depositions, press releases, brochures, books of account, affidavits, communications with government bodies, invoices, notes and minutes of meetings of Boards of Directors, audit committees, financial committees and executive committees, interoffice communications, results of investigations, working papers, newspaper or magazine articles, records of payments, releases, receipts, computer programs and printouts, maps, blue prints, liftings, tax returns, vouchers, subpoenas, papers similar to any of the foregoing and other writings of every kind and descriptions (whether or not actually used) in your possession, custody or control; and other records of voice recordings, film, tapes, and other data compilations from which information can be obtained whether these are resident on paper or other media such as magnetic, electronic, or optical.

C. You are to produce all documents that are in the possession, control or custody of you or in the possession, control or custody of any attorney for you. Without limiting the term "control," a document is deemed to be within

your control if you have ownership, possession or custody of the document, or the right to secure the document or copy thereof from any person or public or private entity having physical possession thereof.

D. All duplicates or copies of documents are to be provided to the extent they have handwriting, additions, or deletions of any kind different from the original document being produced.

E. Unless otherwise indicated, documents requested by this Document Request are documents referring to, relating to, or prepared during the period April 1, 2015 through and including the date of your response.

F. This Document Request requires you amend or supplement your production of documents called for by this Document Request.

G. In the event that any document requested has been lost or destroyed, you shall identify such document and, in addition, specify (a) the date of its loss or destruction; (b) the reason for its destruction; (c) the person authorizing its destruction; and (d) the custodian of the document immediately preceding its loss or destruction.

H. Plaintiffs request that, with respect to each document not produced because of a claim of privilege, you specify in writing with respect to each purportedly privileged document, its author(s), recipient(s), nature (e.g. memorandum, letter), date, subject matter, the nature of the claimed privilege and all facts you rely on to support the claim of privilege.  Plaintiffs

request that you provide such descriptions within fifteen days after service of your response, or responses, to these documents requests.

I. If you object to any part of a document request, you shall produce all documents, or any portions thereof, covered by the request to which you do not object.

J. "You," "your," or "yours" shall mean, unless otherwise specified in a particular request, Defendant and/or any agent or representative of Defendant during all times relevant to this action.

K. The terms "and/or," "or," and "and" are used inclusively, not exclusively.

L. The term "identify," or "identity," when used herein in reference to a natural person, means to state (1) his/her full name and the present or last known address of his/her residence, and last known telephone number (with area code prefix); (2) his/her present or last known business affiliation and positions with respect thereto during the relevant time period as herein defined, including a description of his/her duties and responsibilities. If any of the above information is not available, state any other available means of identification.

M. "The terms "concerning" or "relating to" as used herein shall mean referring to, reflecting or related in any manner, logically, factually, indirectly or directly to the matter discussed.

N. The terms "evidencing" as used herein shall mean constituting, reflecting,

memorializing, referring to and/or supporting - logically, factually, indirectly or directly - the matter discussed.

O. The term "Damages" shall mean all claims for relief alleged by Plaintiffs in their Complaint.

P. As used herein, the term "communication" includes, without limitation, every manner or means of statement, utterance, notation, disclaimer, transfer, or exchange of information of any nature whatsoever, by or to whomever, whether oral, written, or face-to-face, by telephone, U.S. mail, personal delivery, electronic mail, computer, or otherwise, specifically including, without limitation, correspondence, conversations, dialogue, discussions, interviews, consultations, agreements, and other understandings.

Q. All documents responsive to this request shall be produced in their original form. Documents originally in hard copy form shall be produced in that form. Documents or items requested in electronic, optical, or magnetic media form shall be produced in the form requested as kept by you. In the event Plaintiffs experience difficulty in retrieving or translating said electronic, computer or magnetic data, Defendant shall produce all such documentary information contained within said data in hard copy form that does not require translation within five (5) days of receiving objection from Plaintiffs without the necessity of court order.

R. The singular includes the plural number, and vice versa.  The masculine includes the feminine and neuter gender.  The past tense includes the present tense where the clear meaning is not distorted by change of tense.

S. "Equipment" shall refer to any of the equipment that was being used during the incident that formed the basis of this suit.

T. "Entity" or "Entities" shall mean any corporation, corporate form (such as a limited partnership, limited liability partnership, or limited liability company), parent company, affiliate, subsidiary, partner, member, venture, partnership, or any other structure (or a chain of successive entities) that conducts business, has conducted business, or anticipates conducting business.

U. If you assert the attorney-client privilege or work-product doctrine as to any document requested by any of the following specific requests, please identify the document in sufficient detail to permit the Court to reach a determination in the event of Motion to Compel.

V. **If you have any objections such as vague, overbroad, etc., please do not object. Instead, call me and I will try to take into account your objections and specific concerns in hopes of working such disputes out amicably.**

## **REQUEST FOR PRODUCTION**

Defendant is requested to produce each of the following:

1.

All documents specifically or generally referenced in your interrogatory responses or that were reviewed in the course of preparing your interrogatory responses.

2.

All documents referring to the ownership, possession, control, lease, operations, and management of Wal-Mart, including operating agreements that were in effect for the premises in April 19, 2020, and any correspondence concerning, regarding, and/or relating to the agreements.

3.

All e-mail messages, logs, patrol documents, incident reports, notes, photographs, video, investigative memoranda, and document relating to the incident involving Jeremiah Smith or matters which are the subject of the Complaint.

4.

All statements, whether recorded, oral, electronically or otherwise, in your control or obtained on your behalf, of any person relating to the incident complained of in the Complaint.

5.

All documents in your possession that in any way mention or refer to any criminal activity at Wal-Mart located at 5401 Fairington Road, Lithonia, DeKalb County, Georgia 30038 ("the premises") from January 1, 2017 through the present time.

6.

All documents generated or created before suit was instituted in this action regarding Jeremiah Smith being shot and killed, including but not limited to, any incident reports.

7.

All insurance policies and related documents, including but not limited to the declaration pages, which do or may afford liability insurance coverage to Defendant with regard to Plaintiffs' claims against Defendant. This request includes primary insurance coverage, excess insurance coverage, any insurance policies wherein you are listed as an additional insured, or any other type of liability insurance coverage, medical-payments coverage, and documents regarding reservation of rights denial of coverage for same.

8.

All photographs, video, reports, memorandum, statements or notes from any individual who has investigated any aspect or element of the subject incident.

9.

All security patrol logs, inspection forms, work orders, repair invoices/records, e-mail messages, claims forms, accident reports, or other documentation evidencing security concerns, lighting complaints, or other security or maintenance issues at the premises for the five (5) years prior to April 19, 2020.

10.

All documents or correspondence of any kind relating to security measures considered or undertaken by Defendant for the premises for the five (5) years preceding the incident in question and the year following.

11.

Any communications between Defendant and any law enforcement agencies regarding violent crime at the premises for the five (5) years preceding the subject incident.

12.

All documents, photographs, architectural plans, designs, and drawings that depict the layout of the premises in question.

13.

All policies, procedures, contracts, agreements, plans, bids or proposals related to security measures and/or maintenance of the premises for the past five years.

14.

All documents pertaining to employee and security training, including all policies and procedure manuals governing the employees at the premises.

15.

All documents (including e-mail messages) that concern, refer or relate to any communication between Defendant and Plaintiffs.

16.

All documents evidencing, reflecting, relating to, or constituting an accident or incident report regarding the occurrence forming the basis of the lawsuit.

17.

All contracts, agreements, plans, bids, or proposals regarding the provision of property management services and/or landlord services for the premises that were prepared, reviewed, sent, received, or executed within the five (5) years preceding the incident in question and the year following, and any communications or reports evaluating or commenting upon such documents.

18.

Any patrol logs, security logs, incident reports, inspection reports, accident forms, daily activity sheets, daily logs, or other documents received from a company retained or consulted to provide any security function at the premises within the past five years.

19.

All documents that concern, relate or refer to the subject premises that you receive in response to any Requests for Production of Documents to Non-parties or open records requests to any governmental agency.

20.

All documents, pleadings, and/or exhibits filed, served, or prepared in connection with any litigation in which you were a party and that involved allegations that a person was injured or killed on the premises (including any litigation occurring while the premises operated under a different name).

21.

Any and all videos, documents, handouts, e-mails, photographs, or other documentary or other tangible evidence of any kind that Defendant ever provided to its employees or agents within two years of April 19, 2020 that concerns or relates to security and/or maintenance of the premises.

22.

A curriculum vitae and all reports received from any expert who has investigated the subject incident, or any claims raised in this lawsuit. Also, produce all materials relied upon by each expert in formulating their opinions and conclusions.

23.

For the five years preceding the subject incidents, all claim forms, accident reports, or other documentation evidencing injuries, security issues, crime, and/or issues with lighting of the premises.

24.

All documents, including employee handbooks, policy or procedure manuals, or videotapes reflecting any policies, training, instruction, or guidance regarding safety, crime prevention, crime deterrents, loss prevention, security measures, and maintenance at the premises.

25.

Please produce the work schedules for all of your employees who were at the premises from April 18, 2020 through April 20, 2020.

26.

Each and every document exchanged between Defendant and any independent security company regarding the premises from January 1, 2017 through the present.

27.

All contract agreements or documents of any nature entered into between the Defendant and any other individual or company which in any way relates to the security and/or maintenance of the premises.

28.

All notes, memoranda, minutes, and all other written evidence of safety and/or maintenance meetings concerning the premises that were held by Defendant, your employees, agents, or independent contractors in the past five years.

29.

All operating budgets for the premises for the three years preceding April 19, 2020 and the year following.

30.

All correspondence, work orders, maintenance requests, or other documents reflecting requests for service, repairs, or repairs as it relates to crimes or security measures, including but not limited to, the installation or repair of doors, locks, windows, surveillance cameras, or outdoor lighting at the premises from January 1, 2017 through April 19, 2020.

31.

All documentation reflecting the request for the provision of any security services or implementation of any security measures for the premises, as well as documentation reflecting your consideration of providing same.

32.

All surveillance video or video of any kind that you have in your possession which covers the premises during the time period from 9 PM April 18, 2020 to 9 PM April 20, 2020.

33.

Financial documents, bank statements, cancelled checks, and balance sheets relating to any money allocated to security and/or maintenance of the premises for the three years preceding April 19, 2020.

34.

For the five years preceding April 19, 2020, all communications or correspondence of any type, including but not limited to, complaints, memoranda, reports, newsletters, flyers, bulletins, letters, emails, text messages, or instant messages, referencing or pertaining to crime, crime prevention, security services or measures at the premises.

35.

For the five years preceding April 19, 2020 and the year following, all communications or correspondence of any type, including but not limited to, complaints, memoranda, reports, letters, emails, text messages, or instant messages between you and any manager, owner and/or landlord of the premises regarding the issues of crime, crime prevention, maintenance and/or security.

36.

All communications or correspondence of any type between you and any company retained or consulted with regard to the assessment of the safety or security of the premises in the five (5) years preceding April 19, 2020 and the year following.

37.

All profit and loss statements for the premises for the three years preceding April 19, 2020 and any communication between or among you, the manager, the landlord and/or property owner regarding such statements.

38.

For the three years preceding April 19, 2020, all documentation of any funds expended by you on security for the premises and/or maintenance of security cameras, gates, fencing, outdoor lighting, and/or locks.

39.

All documents referring or relating to community or neighborhood watch meetings for the premises, including but not limited to notices of such meetings, agendas for such meetings, attendance sheets, minutes of such meetings, and documents distributed at such meetings.

40.

Any document, e-mail, photograph, report, video, statement or tangible evidence of any kind that suggests that Jeremiah Smith may have caused or contributed in any way to his own death.

41.

Any and all documents you intend to use or introduce at any hearing or trial in this matter.

42.

Any and all documents evidencing inspections of the Premises within one year prior to the subject incidents.

43.

Any and all "banned persons" or "criminal trespass" lists.

You are requested to comply with said requests by producing and permitting the Plaintiffs' attorney to inspect and copy the documents requested. In lieu of appearance at a document production, you may instead mail true and accurate copies of all documents or evidence to Piasta Newbern Walker, LLC, 3301 Windy Ridge Pkwy, Suite 110, Atlanta, Georgia, 30339.

**(Signatures to Follow on Next Page)**

Dated: October 27, 2021.

**PIASTA NEWBERN WALKER, LLC**


*/s/ Edward A. Piasta*
Edward A. Piasta
Georgia Bar No. 110161
Michael P. Walker
Georgia Bar No. 954678
Andrew L. Hagenbush
Georgia Bar No. 127945
Attorneys for Plaintiffs

330l Windy Ridge Parkway
Suite 110
Atlanta, Georgia 30339
(404) 996-1296
(404) 996-1316 (fax)
E: edward@pnwlaw.com
    mike@pnwlaw.com
    andrew@pnwlaw.com

STATE COURT OF
DEKALB COUNTY, GA.
10/28/2021 11:13 AM
E-FILED
BY: Monica Gay

## IN THE STATE COURT OF DEKALB COUNTY

## STATE OF GEORGIA

COMONET SMITH and SHEPPARD     )
DUGAN,                          )
                                )
      PLAINTIFFS,              )      Civil Action No. 21A04885
                                )
V.                              )
                                )
WAL-MART STORES EAST, LP        )
(DELAWARE) TIMOTHY DIXON,       )
DOE 1, DOE 2, DOE 3, DOE 4, and )
DOE 5,                          )
                                )
      DEFENDANTS.              )

## PLAINTIFFS' FIRST INTERROGATORIES TO DEFENDANTS

TO:   EACH DEFENDANT

Pursuant to O.C.G.A. § 9-11-26 *et. seq.,* Plaintiffs hereby request that Defendants respond separately in writing and under oath, to the following Interrogatories as provided by law, with a copy of the responses being served upon the undersigned counsel for the Plaintiffs at Piasta Newbern Walker, LLC, 3301 Windy Ridge Parkway, Suite 110, Atlanta, Georgia 30339.

Please include the text of each question/request prior to each response. Plaintiffs will do the same in response to Defendant's discovery requests. To facilitate this, Plaintiffs will also provide an electronic copy of this discovery upon request.

STATE COURT OF
DEKALB COUNTY, GA.
10/28/2021 11:13 AM
E-FILED
BY: Monica Gay

## DEFINITIONS AND INSTRUCTIONS

A. These Interrogatories shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26 *et. seq.,* so as to require Defendant to serve upon all parties supplemental answers if Defendant or its attorneys obtain further information between the time the answers are served and the time of the trial.

B. "Person" means any natural person, corporation, partnership, association, governmental entity, agency, group, organization, etc.

C. The terms "document" and "documents" mean all documents and tangible things, in the broadest sense allowed under the Georgia Civil Practice Act, and include, but are not limited to, information contained in computer storage and other electronic information retrieval systems, drafts, originals and nonconforming copies which contain deletions, insertions, handwritten notes or comments, however produced or reproduced, or to any other tangible permanent record, and without limitation, shall include, among other things, accident reports, incident reports, daily activity reports, medical reports, work safety logs, employment records, all marketing material, tenant/patron reviews, blogs, internet postings, ratings, bids, letters, correspondence, records of discussions, conferences, memoranda, notes, telegrams, summaries, telephone logs and records, text messages, bank checks, bank deposits and withdrawal slips, bank credit and debit

memoranda, records, telexes, private wire messages, communications, calendars, diaries, appointment books, agenda of meetings, recorded conversations, schedules, reports, studies, appraisals, analyses, lists, surveys, budgets, financial statements, financial projections, financial calculations, financial audits, contracts, agreements or proposed agreements, confidentiality agreements, periodicals, charts, graphs, interviews, speeches, transcripts, depositions, press releases, brochures, books of account, affidavits, communications with government bodies (including, but not limited to, police agencies and HUD), invoices, notes and minutes of meetings of Boards of Directors, audit committees, financial committees and executive committees, interoffice communications, results of investigations, working papers, newspaper/internet/magazine articles, records of payments, releases, receipts, computer programs and printouts, maps, blue prints, tax returns, vouchers, subpoenas, paper and electronic data similar to any of the foregoing and other writings of every kind and descriptions (whether or not actually used) in your possession, custody or control.

D. Plaintiffs request that, with respect to each document not produced or specifically disclosed because of a claim of privilege, Defendant specify in writing with respect to each purportedly privileged document, its author(s), recipient(s), nature (e.g. memorandum, letter), date, subject matter, the

nature of the claimed privilege and all facts you rely on to support the claim of privilege.  Plaintiffs request that you provide such descriptions within fifteen days after service of your response, or responses, to these document requests.

E.  The term "and/or," "or," and "and" are used inclusively, not exclusively.

F.  The term "identify," or "identity," when used herein in reference to a natural person, means to state (1) his/her full name and the present or last known address of his/her residence, and last known telephone number (with area code prefix); (2) his/her present or last known business affiliation and positions with respect thereto during the relevant time period as herein defined, including a description of his/her duties and responsibilities.  If any of the above information is not available, state any other available means of identification.

G.  "The terms "concerning" or "relating to" as used herein shall mean referring to, reflecting or related in any manner, logically, factually, indirectly or directly to the matter discussed.

H.  The terms "evidencing" as used herein shall mean constituting, reflecting, memorializing, referring to and/or supporting - logically, factually, indirectly or directly - the matter discussed.

I.  The term "Damages" shall mean all claims for relief alleged by Plaintiffs in their Complaint.

J. As used herein, the term "communication" includes, without limitation, every manner or means of statement, utterance, notation, disclaimer, transfer, or exchange of information of any nature whatsoever, by or to whomever, whether oral, written, or face-to-face, by telephone, text messages, U.S. mail, personal delivery, electronic mail, internet postings, social media, computer, or otherwise, specifically including, without limitation, correspondence, conversations, dialogue, discussions, blogs, postings, interviews, consultations, agreements, and other understandings.

K. The singular includes the plural number, and vice versa. The masculine includes the feminine and neuter gender. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

L. "Entity" or "Entities" shall mean any corporation, corporate form (such as a limited partnership, limited liability partnership, or limited liability company), parent company, affiliate, subsidiary, partner, member, venture, partnership, or any other structure (or a chain of successive entities) that conducts business, has conducted business, or anticipates conducting business.

M. **If you have any form objections such as vague, overbroad, etc., please do not use such boilerplate objections as an excuse not to provide any substantive responses. Instead, please provide the information that you believe to be responsive and call me should**

**there be an issue about the scope of the requests.**

N. The term "Premises" shall refer to Wal-Mart Store located at 5401 Fairington Road, Lithonia, DeKalb County, Georgia 30038.

O. The term "Wal-Mart" shall refer to Defendant Wal-Mart Stores East, LP (Delaware).

## INTERROGATORIES

### 1.

Please identify with the person(s) and/or entity(ies) who owned, managed, controlled, and maintained the Wal-Mart Store located at 5401 Fairington Road, Lithonia, DeKalb County, Georgia 30038, on April 19, 2020, and state for how long each such person or entity has owned, managed, controlled, and/or maintained the premises. If the ownership, management, control, or maintenance changed at any time since April 19, 2020, please identify every subsequent person or entity.

### 2.

Please state whether Defendant has received any complaints or notice of any nature regarding security issues or criminal activity at the premises for the five (5) years prior to April 19, 2020. If so, please state the substance, approximate dates, source(s) of such complaints or notice, and describe any actions that you took in response to each complaint/notice.

3.

If you are aware of any information, complaints or incidents of shooting, rape, sexual assault, robbery, burglary, assault, battery, murder, or any other violent crimes on the premises in the past five (5) years, state the nature of the occurrence; the date of the occurrence; the individuals involved; and what you did, if anything, as a result of such occurrences.

4.

Please identify any person(s) who investigated the subject shooting, the nature of the investigation, and the results of said investigation.

5.

Please identify any insurance company which may be liable to satisfy all or part of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment, state the policy number for each such policy and the limits of liability coverage for each policy of insurance which may be applicable to pay part or all of a judgment rendered against Defendant (please be certain to identify all coverages including but not limited to any excess or umbrella policies and any insurance policies for which you have been named as an additional insured).

6.

State the names, addresses and phone numbers of any persons, employees, witnesses, or independent contractors who you believe were on the premises between 8 A.M. on April 18, 2020 and 9:00 P.M. on April 20, 2020.

7.

Prior to April 19, 2020, please identify all efforts that you or your agents undertook to evaluate the safety of the premises.

8.

Please describe how you contend the occurrence complained of in this action happened, giving all the events in detail and in the order in which they occurred, before, at the time of, and after the occurrence, which had any bearing on the cause or manner of the happening of this occurrence.

9.

Please state the names, addresses, telephone numbers, and places of employment of all persons known to you who have knowledge regarding the facts or circumstances surrounding the subject incident.

10.

Please state the names, addresses, and business telephone numbers of all persons whom you expect to call or may call as expert witnesses at trial. With respect to each person, state:

a) The substance of the facts, opinions and conclusions which you expect such expert to testify; and

b) The grounds for each such opinion or conclusion.

11.

As to each statement or report, written, taped, or otherwise, which has been made by any person concerning the occurrence complained of, please describe each such statement or report, giving as to each such statement or report the name of the person giving it, the date of same, and the present location of such statement or report. In lieu of answering this Interrogatory in detail, it is acceptable to simply produce a copy of each statement or report.

12.

If you, your attorney, your insurance carrier, or anyone acting on your or their behalf, have or know of any photographs, video, maps, drawings, diagrams, measurements, surveys, or other descriptions concerning the premises, the events and happenings alleged in the Complaint, scene of the incident, the area, or persons involved, as to each such item, please identify or produce such document(s) and state:

a) The date it was made or taken and by whom; and

b) The name and address of the person having custody of such item.

13.

Please list the names, addresses, and job titles of every one of your owners, managers, supervisors, employees and any independent contractors who were ever at the premises from January 1, 2017 through April 19, 2020.

14.

Describe any and all security measures that were in place on the premises on April 19, 2020. To the extent your response identifies any equipment, please state whether such equipment was properly functioning and appropriately maintained on April 19, 2020.

15.

Please describe the reporting and investigative practices for security complaints or criminal activity at the premises and describe any documentation that is received or expected by you where someone is a victim of crime.

16.

Please identify the location of all security cameras located at the subject premises, identify any videotapes maintained from April 19, 2020, and whether any security cameras were functioning on or about the time of the incident complained of in Plaintiffs' Complaint. If said cameras were not functioning, please explain all reasons for their non-use.

17.

Please describe any maintenance issues or security concerns that were reported to you with regard to the premises from January 1, 2017 to April 19, 2020 and explain what you did, if anything, in response to such issues or concerns.

18.

Please explain what, if any, security prevention or related security training all employees at the premises received within the course of their employment prior to the incident complained of in the Complaint.

19.

Please describe each and every warning that you believe was provided to Jeremiah Smith or any invitee by your or your agents or independent contractors regarding any dangers associated with the premises.

20.

Please state when you first anticipated the litigation that is the subject matter of Plaintiffs' Complaint, and please identify all people and documents with knowledge of when you first anticipated the litigation.

21

Identify any changes that were made or recommended as a result of Jeremiah Smith getting shot and killed on the subject premises.

22.

Please list any alleged negligent act or omission by Jeremiah Smith that you contend in any way contributed to him being shot and killed on the premises.

23.

Limited only to the five years prior to April 19, 2020, please identify with specificity all civil claims or complaints made against you or the premises that involve allegations that a person was injured or killed on the premises (including any claims made while the premises were known by a different name). Please include the date and time of the incidents giving rise to such claims; the name, address, and telephone number of all parties involved; and whether a suit was filed.

24.

If you have denied any of the accompanying Requests for Admission, in whole or in part, for each request, describe in detail the factual and legal bases for your denial, and identify all evidence and witnesses that support your denial.

25.

Please identify any person or entity who you believe committed any act or omission that contributed to Jeremiah Smith being shot and killed on the premises.

26.

Please list the names, addresses, phone numbers, and job titles of every individual employed or contracted to work at the premises and who had any security role from January 1, 2017 through April 19, 2020.

27.

Between January 1, 2017 and April 19, 2020, please provide the name and last known address of anyone who had a role in or responsibility for allocating resources to security/safety measures for the premises, and/or designing and implementing a security plan for the subject premises.

28.

State the names, job titles, phone numbers, email addresses, and addresses of all current and former employees, agents, or contractors who had any responsibilities over the security and/or maintenance of the premises from January 1, 2017 to the present.

29.

Please describe the inspection, repair, and maintenance practices for the common areas of the premises, including but not limited to the walkways, entrances and exits, and describe any documentation that is expected by you where repairs, maintenance, or security are found to be needed as a result of such inspection, repair, and maintenance practices.

30.

Please state the factual basis for any affirmative defenses you raised in your Answer.

31.

On April 19, 2020 and prior thereto, please explain all efforts you made and measures you had in place to prevent or deter criminal activity or drug activity from occurring on the premises.

32.

Identify any person who is believed or known by you to have any knowledge concerning any of the issues in this lawsuit and specify the subject matter about which the person has knowledge.

33.

For each interrogatory, please provide the name, address and job title for the person or persons who had any involvement in formulating the answers to these Interrogatories.

**(Signatures to Follow on Next Page)**

Dated: October 27, 2021.

PIASTA NEWBERN WALKER, LLC


/s/ Edward A. Piasta
Edward A. Piasta
Georgia Bar No. 110161
Michael P. Walker
Georgia Bar No. 954678
Andrew L. Hagenbush
Georgia Bar No. 127945
Attorneys for Plaintiffs

3301 Windy Ridge Parkway
Suite 110
Atlanta, Georgia 30339
(404) 996-1296
(404) 996-1316 (fax)
E: edward@pnwlaw.com
   mike@pnwlaw.com
   andrew@pnwlaw.com

STATE COURT OF
DEKALB COUNTY, GA.
10/28/2021 11:13 AM
E-FILED
BY: Monica Gay

## IN THE STATE COURT OF DEKALB COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| COMONET SMITH and SHEPPARD DUGAN, | ) ) ) | |
| PLAINTIFFS, | ) ) | Civil Action No. 21A04885 |
| V. | ) ) | |
| WAL-MART STORES EAST, LP (DELAWARE) TIMOTHY DIXON, DOE 1, DOE 2, DOE 3, DOE 4, and DOE 5, | ) ) ) ) ) | |
| DEFENDANTS. | ) ) | |

## PLAINTIFFS' FIRST REQUESTS FOR ADMISSION TO DEFENDANTS

TO: EACH DEFENDANT

Pursuant to O.C.G.A. Section 9-11-36 you are hereby required to Answer, in the form provided by law, the following Requests for Admissions:

1.

You have been correctly named in the present cause insofar as the legal designation of names is concerned.

2.

That you have been properly served as a party defendant.

3.

That service of process is sufficient with regard to you in this case.

4.

Dekalb County State Court has jurisdiction over the subject matter of this case.

1

STATE COURT OF
DEKALB COUNTY, GA.
10/28/2021 11:13 AM
E-FILED
BY: Monica Gay

Exhibit "A" p. 49

5.

Dekalb County State Court has personal jurisdiction over you as a party defendant in this case.

6.

Venue is proper in Dekalb County State Court.

7.

Plaintiff states a claim upon which relief can be granted.

8.

Plaintiffs have not failed to join a party under O.C.G.A. § 9-11-19.

9.

Within the three years prior to April 19, 2020, no less than fifteen (15) incidents relating to criminal drug activity occurred on the premises.

10.

Within the three years prior to April 19, 2020, you had knowledge of criminal activity involving drugs occurring on the premises.

11.

Within the three years prior to April 19, 2020, no less than thirty (30) vehicle break-ins occurred on the premises.

12.

Within the three years prior to April 19, 2020, you had knowledge of vehicle break-ins occurring on the premises.

2

13.

Within the three years prior to April 19, 2020, no less than twenty-two (22) vehicles were stolen while on the premises.

14.

Within the three years prior to April 19, 2020, you had knowledge of vehicle theft occurring on the premises.

15.

Within the three years prior to April 19, 2020, no less than sixteen (16) assaults occurred on the premises.

16.

Within the three years prior to April 19, 2020, you had knowledge of assaults occurring on the premises.

17.

Within the three years prior to April 19, 2020, no less than twenty-two (22) incidents of battery occurred on the premises.

18.

Within the three years prior to April 19, 2020, you had knowledge of battery occurring on the premises.

19.

Within the three years prior to April 19, 2020, no less than four (4) armed robberies occurred on the premises.

3

20.

Within the three years prior to April 19, 2020, you had knowledge of armed robberies occurring on the premises.

21.

Within the three years prior to April 19, 2020, no less than nine (9) incidents of criminal activity involving non-firearm weapons occurred on the premises.

22.

Within the three years prior to April 19, 2020, you had knowledge of criminal activity involving non-firearm weapons occurring on the premises.

23.

Within the three years prior to April 19, 2020, no less than seven (7) of criminal activity involving firearms occurred on the premises.

24.

Within the three years prior to April 19, 2020, you had knowledge of criminal activity involving firearms occurring on the premises.

25.

On and before April 19, 2020, you had a responsibility to take reasonable measures to protect invitees from criminal attacks on the premises.

26.

Jeremiah Smith was shot and killed on your premises.

4

27.

It was reasonably foreseeable to you in April 2020 that invitees of the premises could be injured or killed on the premises due to criminal acts.

28.

Your acts and omissions caused and/or contributed to Jeremiah Smith being shot and killed on the premises.

29.

But for your acts and omissions, Jeremiah Smith would not have been shot and killed on the premises.

30.

You had knowledge of violent criminal activity on the premises prior to April 19, 2020.

31.

You are liable for the death of Jeremiah Smith.

32.

At the time of the subject incident, you were insured under both a primary and an excess policy.

33.

No insurer(s) of Wal-Mart Stores East, LP has denied liability coverage, or has issued a reservation of rights concerning or relating to the subject incidents.

5

34.

Jeremiah Smith was an invitee at the time of the subject incident on April 19, 2020.

35.

Jeremiah Smith was unarmed during the incident forming the basis of Plaintiff's Complaint.

36.

This Defendant admits fault.

37.

This Defendant's actions contributed to the death of Jeremiah Smith.

Dated: October 27, 2021.

**PIASTA NEWBERN WALKER, LLC**

/s/ Edward A. Piasta
Edward A. Piasta
Georgia Bar No. 110161
Michael P. Walker
Georgia Bar No. 954678
Andrew L. Hagenbush
Georgia Bar No. 127945
Attorneys for Plaintiffs

3301 Windy Ridge Parkway
Suite 110
Atlanta, Georgia 30339
(404) 996-1296
(404) 996-1316 (fax)
E: edward@pnwlaw.com
   mike@pnwlaw.com
   andrew@pnwlaw.com

STATE COURT OF
DEKALB COUNTY, GA.
10/28/2021 11:13 AM
E-FILED
BY: Monica Gay

6

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| COMONET SMITH and SHEPPARD DUGAN, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | FILE NO. 21A04885 |
| WAL-MART STORES EAST, LP | ) | |
| (DELAWARE) TIMOTHY DIXON, | ) | |
| DOE1, DOE2, DOE,3, DOE4, AND DOE 5, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT

COME NOW Defendants Wal-Mart Stores, East, LP (Delaware) and Timothy Dixon, (hereinafter referred to as "Defendants") and file their Answer and Defenses to Plaintiffs' Complaint, showing the Court as follows:

### FIRST DEFENSE

Timothy Dixon was not the owner or operator of the store in question at the time of the incident, is an improper party to this case, and should be dismissed.

### SECOND DEFENSE

Defendants breached no duty owed to Plaintiffs or to Plaintiffs' decedent.

### THIRD DEFENSE

No alleged breach of duty owed by Defendants was the proximate cause of the death of Plaintiffs' decedent or the resulting damages claimed by Plaintiffs.

## FOURTH DEFENSE

Pending further investigation and discovery and to preserve defenses, the death of Plaintiffs' decedent and the resulting damages claimed by Plaintiffs may have been caused in whole or in part by the acts of Plaintiffs' decedent in the event it is found that Plaintiffs' decedent voluntarily engaged in mutual combat with his assailant.

## FIFTH DEFENSE

Defendants state that fault must be apportioned among parties and non-parties to the case as required by law.

## SIXTH DEFENSE

Pending further investigation and discovery and to preserve defenses, Plaintiffs' claims may be barred by comparative and contributory negligence defenses that may relate to the actions of Plaintiffs' decedent.

## SEVENTH DEFENSE

Pending further investigation and discovery and to preserve defenses, Plaintiffs' claims may be barred by the doctrine of Consent if it is found that Plaintiffs' decedent consented to engage in mutual combat with his assailant(s).

## EIGHTH DEFENSE

Pending further investigation and discovery and to preserve defenses, if Plaintiffs' decedent is found to have voluntarily engaged in mutual combat with his assailant(s), Plaintiffs' decedent may have failed to exercise ordinary care for his own safety and thus Plaintiffs' recovery may be barred.

-2-

## NINTH DEFENSE

Pending further investigation and discovery and to preserve defenses, to the extent Plaintiffs' decedent engaged in mutual combat with his assailant(s), Plaintiffs' decedent would have had superior knowledge of any dangerous condition created or posed by his assailant(s) and as such, Plaintiffs' recovery against Defendants may be barred.

## TENTH DEFENSE

Defendants did not have constructive or actual knowledge that any person on the premises presented a danger or hazard to Plaintiffs' decedent.

## ELEVENTH DEFENSE

Pending investigation and discovery, Plaintiffs' decedent may have had superior knowledge of any risk or hazard posed by Plaintiffs' decedent's assailants.

## TWELFTH DEFENSE

The death of Plaintiffs' decedent and the resulting damages sought by Plaintiffs were caused by the unforeseeable, intervening acts or omissions of his assailant(s), third party or parties, none of which were foreseeable to Defendants.

## THIRTEENTH DEFENSE

Plaintiffs are not entitled to any special damages that Plaintiffs have failed to specifically plead as required by the applicable civil practice act.

## FOURTEENTH DEFENSE

Pending further discovery and to preserve defenses, some of Plaintiffs' claims are or may be barred by failure of the Plaintiffs to prosecute the claims in the name of the real party in interest.

## FIFTEENTH DEFENSE

Pending further discovery, Defendants preserve defenses as to Plaintiffs' decedent's legal status on the premises, at the time of the altercation.  Defendants shows that any altercation between Plaintiffs' decedent's and his assailant(s) had no connection whatsoever to Defendants' business and as such, at the time of any altercation, Plaintiffs' decedent would not have been an invitee on Plaintiffs' property in relation to this event.

## SIXTEENTH DEFENSE

Pending further investigation and discovery and to preserve defenses, Plaintiffs' decedent's may have assumed the risk of injury by instigating or becoming involved in a personal dispute, confrontation, or mutual combat with his assailant(s).

## SEVENTEENTH DEFENSE

Defendants did not willfully or wantonly injure Plaintiffs' decedent.

## EIGHTEENTH DEFENSE

The death of Plaintiffs' decedent and the damages sought by Plaintiffs in this case were caused by the acts of his assailant(s).

## NINETEENTH DEFENSE

Defendants reserve the right to assert additional defenses as they arise or as they become known through the course of discovery and trial.

## TWENTIETH DEFENSE

Defendants respond to the individually numbered paragraphs of Plaintiffs' Complaint as follows:

-4-

1.

Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained within this paragraph of Plaintiffs' Complaint.

2.

Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained within this paragraph of Plaintiffs' Complaint and place Plaintiffs on strict proof of same.  Defendants deny all allegations and inferences of negligence of liability for the damages claimed.

3.

Defendants deny as pled that Wal-Mart Stores East, LP "is located at" the address indicated.  Defendants state that Wal-Mart Stores East, LP operates the store located at that address.  Defendants admit the remaining allegations of this paragraph of Plaintiffs' Complaint.

4.

Admitted. Defendants show that other courts may also have jurisdiction and venue.

5.

Admitted.

6.

Defendants deny that Timothy Dixon was acting as store manager at the time of the shooting and deny that he is a proper party to this case.  Defendants admit the remaining allegations contained within paragraph 6 of Plaintiff's Complaint.

7.

Admitted.  Defendants shows that other courts may also have jurisdiction and venue.

-5-

8.

Admitted.

9.

Defendants deny that any Walmart entity or any manager, employee or agent of any Wal-Mart entity are legally responsible for Decedent's injuries and death.  Defendants are without knowledge sufficient to form the truth of the allegation that other un-named non-parties have received notice of the institution of this action and place Plaintiff on strict proof of same. Defendants shows that Wal-Mart Stores East LP is the entity that operates the premises and there are no other Walmart entities that are proper parties to this case.  Defendants deny all remaining allegations contained in this paragraph of Plaintiff's Complaint, and further and expressly deny all allegations and inferences of negligence and liability against any Walmart entity, employee, agent, or manager contained within this paragraph.  Defendants state that the only proper defendants to this case are the assailants who caused Plaintiffs' decedent's death.

10.

Denied as pled.

11.

Denied.

12.

Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained within this paragraph and place Plaintiffs on strict proof of same.

13.

Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained within this paragraph and place Plaintiffs on strict proof of same.

-6-

14.

Denied.

15.

Denied as pled.  Defendants expressly deny all allegations and inferences of negligence

and liability.

16.

Defendants state that duties are set by law and Defendants deny that Plaintiffs have set

forth an accurate or complete description of the law of Georgia in this paragraph of Plaintiffs'

Complaint.  Defendants deny as pled the allegations contained in paragraph 16 that they

"controlled the relevant premises and management thereof" and incorporate their First Defense.

Defendants expressly deny all allegations and inferences that these Defendants breached any

duties to Decedent Smith and deny that they failed to act as similarly situated businesses in like

circumstances.

17.

Denied.

18.

Denied.

19.

Denied.

20.

Denied.

21.

Denied.

-7-

22.

Denied.

23.

Denied.

24.

Denied.

25.

Denied.

26.

Denied.  Defendants also deny all allegations contained in sub-paragraphs (a) through (h)

of paragraph 26 Plaintiffs' Complaint.

27.

Denied.

28.

Denied.

29.

Denied.

30.

Denied.

31.

Denied.

32.

Denied.

-8-

Exhibit "A" p. 62

33.

Defendants deny that they are liable to Plaintiffs for any of the damages identified in paragraph 33 of Plaintiffs' Complaint and further deny all allegations and inferences of negligence and liability.

34.

Defendants deny that they are liable to Plaintiffs for any of the damages identified in paragraph 34 of Plaintiffs' Complaint and further deny all allegations and inferences of negligence and liability.

35.

Defendants deny that they are liable to Plaintiffs for any of the damages identified in paragraph 35 of Plaintiffs' Complaint, including sub-paragraphs (a) through (j), and further deny all allegations and inferences of negligence and liability.

36.

Denied.

37.

Denied.

38.

Defendants deny all allegations contained in Plaintiffs' Complaint that have not been specifically admitted herein.

39.

Defendants deny that Plaintiffs are entitled to any of the relief identified in Plaintiffs' prayer for relief that is located immediately after paragraph 37 of Plaintiffs' Complaint.

**DEFENDANTS HEREBY DEMANDS TRIAL BY A JURY OF TWELVE (12)**

Exhibit "A" p. 63

PERSONS AS TO ALL ISSUES THAT ARE NOT SUBJECT TO SUMMARY

ADJUDICATION.

WHEREFORE, having fully answered, Defendants pray for dismissal of this action with

all costs cast against the Plaintiffs.

Respectfully submitted this 17th day of December, 2021.

**DREW, ECKL & FARNHAM, LLP**

_/s/     Leslie P. Becknell_____
Michael L. Miller
Georgia Bar No. 508011
Leslie P. Becknell
Georgia Bar No. 046320
_Attorneys for Defendants Walmart Stores East, LP_
_and Timothy Dixon_

303 Peachtree Street
Suite 3500
Atlanta, GA 30308
404-885-1400
MMiller@deflaw.com

777 Gloucester Street
Suite 305
Brunswick, GA 31520
912-602-6965
LBecknell@deflaw.com

STATE COURT OF
DEKALB COUNTY, GA.
12/17/2021 10:49 AM
E-FILED
BY: Monique Roberts

-10-

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing **DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT** upon all parties to this matter by e-filing the same in the Court's designated online filing system, and by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

> Edward Piasta
> Michael P. Walker
> Andrew L. Hagenbush
> **Piasta Newbern Walker, LLC**
> 3301 Windy Ridge Parkway,
> Suite 110
> Atlanta, GA 30339
> edward@pnwlaw.com
> mike@pnwlaw.com
> andrew@pnwlaw.com

Respectfully submitted this 17th day of December, 2021.

> **DREW, ECKL & FARNHAM, LLP**
>
> _/s/Leslie P. Becknell_____
> Leslie P. Becknell
> Georgia Bar No. 046320
> _Attorney for Defendants Walmart Stores East, LP_
> _and Timothy Dixon_

777 Gloucester Street
Suite 305
Brunswick, GA 31520
912-602-6965
LBecknell@deflaw.com

Exhibit "A" p. 65