IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Comonet Smith, Individually, and
as administrator of the estate of
Jeremiah Isiah Smith, decedent;
and Sheppard Dugan,

              Plaintiffs,

v.

Wal-Mart Stores East, LP
(Delaware), et al.,

              Defendants.

_____/

Case No. 1:21-cv-5169-MLB

## OPINION & ORDER

Plaintiffs Comonet Smith and Sheppard Dugan filed suit against Defendants Wal-Mart Stores East, LP (Delaware) ("Wal-Mart"), Timothy Dixon, and John Does 1–5 in the State Court of DeKalb County, Georgia. (Dkt. 1-1 at 4–15.) Defendants removed the action to this Court. (Dkt. 1.) Plaintiffs move to remand. (Dkt. 8.) The Court grants that motion.

**I.   Background**

In April 2020, Jeremiah Smith was shot and killed while an invitee at a Wal-Mart store in Lithonia, Georgia. (Dkt. 20 ¶¶ 10, 12.) On October

28, 2021, Plaintiffs, Jeremiah's surviving parents, filed a personal injury suit against Defendants in the State Court of DeKalb County, Georgia. (Dkt. 1-1 at 4–15.) Plaintiffs allege Defendants breached their duty owed to Jeremiah by failing to exercise ordinary care to keep their premises safe. (Dkt. 20 ¶ 14.) Plaintiffs claim Defendant Dixon, who was the store manager at the time of the shooting, acted with misfeasance and was negligent. (*Id.* ¶¶ 6, 11, 11c.) Defendants removed this action to federal court under 28 U.S.C. § 1332, stating the Court should disregard Defendant Dixon's jurisdiction-destroying citizenship. (Dkt. 1.)

## II. Legal Standard

"[W]hen an action is removed from state court, the district court first must determine whether it has original jurisdiction over the plaintiff's claims." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Federal courts are courts of limited jurisdiction. District courts have diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332.

Diversity jurisdiction requires complete diversity—"[t]hat is, diversity jurisdiction does not exist unless *each* defendant is a citizen of

a different state from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original). Defendants, however, may remove actions where complete diversity does not exist if they can show that the resident defendant was fraudulently joined. The doctrine of fraudulent joinder applies "[w]hen a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction." *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). When this occurs, "the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court." *Id.*

The removing party bears the "heavy burden" of establishing fraudulent joinder. *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) (per curiam). It must prove "by clear and convincing evidence 'that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.'"[1] *Id.* (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th

---

[1] The Eleventh Circuit has also recognized a third situation: "where a diverse defendant is joined with a nondiverse defendant as to whom there

Cir. 1997)). "The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998).

While the review standard is "similar to that used for ruling on a motion for summary judgment" because the Court can review evidence beyond the pleadings, it is not the same standard:

> When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law. If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.

*Crowe*, 113 F.3d at 1538 (internal citation and quotations omitted). Further, "the district court must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the

---

is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). There is no argument this exception applies here.

4

applicable law in the plaintiff's favor." *Pacheco de Perez*, 139 F.3d at 1380.

All questions of fact must be resolved in the plaintiff's favor, but when a defendant presents affidavits or deposition transcripts that are undisputed by the plaintiff, "the court cannot then resolve the facts in the [plaintiffs'] favor based solely on the unsupported allegations in the [plaintiffs'] complaint." *Legg v. Wyeth*, 428 F.3d 1317, 1323 (11th Cir. 2005). Rather, the plaintiff generally must come forward with some evidence to dispute the sworn testimony submitted by the defendant. *Shannon v. Albertelli Firm, P.C.*, 610 F. App'x 866, 871 (11th Cir. 2015).

## III. Discussion

Plaintiffs allege Defendants violated O.C.G.A. § 51-3-1 and O.C.G.A. § 44-7-13. (Dkt. 20 ¶ 26.) Plaintiffs contend Defendants failed to properly inspect and maintain the premises, to warn of dangers, to properly train and supervise employees, to properly retain employees, to monitor the premises, and to implement proper security measures. (*Id.*) Defendants argue there is "no possibility" Plaintiffs can recover against Defendant Dixon. (Dkts. 1 ¶ 10; 12 at 5.) They assert Plaintiffs sued

5

Defendant Dixon "in an attempt to avoid diversity jurisdiction." (Dkt. 1 ¶ 8.) The Court disagrees.

Georgia's premises liability statute imposes on owners or occupiers of land a duty to keep the premises safe for any invitees. O.C.G.A. § 51-3-1.[2] To determine whether a person was an owner or occupier subject to liability, "the critical question is whether the individual exercised sufficient control over the subject premises at the time of injury to justify the imposition of liability." *Poll v. Deli Mgmt.*, No. 1:07-CV-0959, 2007 WL 2460769, at *4 (N.D. Ga. Aug. 24, 2007).

Plaintiffs allege both Defendants are liable because they negligently maintained, inspected, secured, patrolled, and managed the premises even though they had knowledge of hazardous conditions. (Dkts. 20 ¶¶ 14–21, 23, 25–31.) Defendants argue there is no cause of

---

[2] Plaintiffs assert claims against Defendants under O.C.G.A. § 44-7-13 which provides: "The landlord must keep the premises in repair. He shall be liable for all substantial improvements placed upon the premises by his consent." (Dkt. 20 ¶ 26.) There is no allegation that Defendant Dixon was a landlord. (*See* Dkts. 20; 1-4 ¶¶ 6–7 (Defendant Dixon testified he is not the owner of the premises and not a party to any lease entered into by Defendant Wal-Mart).) Defendants acknowledged this issue in their response to Plaintiffs' motion to remand. (Dkt. 12 at 2 n.1.) Plaintiffs failed to address the issue. (*See generally* Dkts. 8; 7; 16; 28.) The Court finds there is no possibility Defendant Dixon could be liable under O.C.G.A. § 44-7-13.

6

action against Defendant Dixon who "was not an owner or occupier of the store," "was not even on duty or present at the store at the time of the shooting," and "was not responsible for determining what security measures were used at the store." (Dkt. 12 at 2.) In support of removal, Defendant Dixon provided an affidavit. (Dkt. 1-4.) He testified that he "was not working at the store at the time of the shooting and [he] was not present on the premises at the time of the shooting." (*Id.* ¶ 3.) He also testified he does not set policies or procedures for the store and he does not make decisions as to what security measures will be installed, hired, used, or implemented. (*Id.* ¶ 5.) Decisions on store security are made based on numerous factors and input provided by numerous employee and associates. (*Id.*) And the daily operation of the store is managed by Defendant Wal-Mart and carried out by over 200 employees, including managers, assistant managers, and associates. (*Id.* ¶ 4.) Defendant Dixon testified that he does not have the right to admit or exclude customers from the store arbitrarily and does not have the sole responsibility of inspecting, maintaining, or repairing the premises. (*Id.* ¶ 6.) Rather, under Defendant Wal-Mart's policies, all employees are instructed to be vigilant for illegal activity and the presence of someone

7

on the property who could pose a danger. (*Id.*) Defendant Dixon does not personally pay the bills, taxes, or wages of the store employees. (*Id.* ¶ 7.)

Defendants, relying on Defendant Dixon's affidavit, *Joy v. Wal-Mart Stores East, L.P.*,[3] *Woodard v. Wal-Mart Stores East, L.P.*,[4] and *Newman v. Wal-Mart Stores East, L.P.*,[5] contend Defendant Dixon cannot be held individually liable under the premises liability statute. (Dkt. 12 at 5–10, 13–14.)  The Court, however, finds these cases factually distinguishable.

In *Joy*, the court found that an assistant manager, Elizabeth Robinson, was not an owner or occupier of the premises so she could not be liable to the plaintiff. 2021 WL 2562146, at *3. Ms. Robinson, one of many mid-level managers on duty the day of the incident, did not own the store, set the policies, or possess or control the premises. *Id.* at 3–4. The court noted the plaintiff also had "not chosen to sue any of the higher-ranking managers" and only "targeted an action against Ms. Robinson in her capacity as *assistant manager*." *Id.* at 4 (emphasis in original). Here, Plaintiffs are suing *the* Store Manager. They focus on the leader of the

---

[3] No. 1:20-CV-04309, 2021 WL 2562146 (N.D. Ga. Mar. 23, 2021).
[4] No. 5:09-CV-428, 2010 WL 942286 (M.D. Ga. Mar. 12, 2010).
[5] No. 7:15-CV-165, 2015 WL 7258497 (M.D. Ga. Nov. 17, 2015).

store rather than targeting one of the many.  A distinction the *Joy* court found important.  The *Joy* court also had the benefit of "undisputed facts from the extensive evidence obtained in the Henry County Suit."  *Id.* at 3.  Here, the Court does not have any such benefit.

In *Woodard*, the court found a manager, Damon Manning, was fraudulently joined as he did not begin working for the store until almost two years after the plaintiff's incident.  2010 WL 942286, at *2.  The court held that Mr. Manning did not owe a duty towards the plaintiff at the time of the incident because he was neither the store manager of the premises nor employed by Wal-Mart.  *Id.*  Here, there is no dispute Defendant Dixon was an employee of Defendant Wal-Mart at the time of the incident.  (Dkt. 1-4 ¶ 2.)

In *Newman*, the court held that a store manager, Alonzo McCauley, who was not working at the time of the accident could not be held liable.  2015 WL 7258497, at *4.  Mr. McCauley testified by declaration that he "did not work at the [s]tore on [the date of the incident] as that day was a Saturday, [his] day off."  No. 7:15-cv-00165, Dkt. 1-4 ¶ 3.  He specified that one of the co-managers or assistant managers of the store would have been the senior management employee at the store.  *Id.*  The court

9

found "Mr. McCauley was not the on-duty manager" at the time of the incident so he could not be held liable as the on-duty manager under any legal theory. *Newman*, 2015 WL 7258497, at *4. Here, Defendant Dixon's affidavit is not as informative. He testified he was not "working *at the store*" and he was "*not present* on the premises" at the time of the incident, but he does not address whether his duties as *the* store manager apply based on whether he was present at the store or whether other employees or co-managers were in charge when he was not present.[6] (Dkt. 1-4 ¶ 3.) *See Marine v. Murphy Oil USA, Inc.*, No. 7:20-cv-221, 2021 WL 4268054, at *3 (M.D. Ga. Sept. 20, 2021) ("[N]one of [the defendant's] filings detail [the defendant manager's] duties as store manager or whether those duties specifically apply based on whether she was present at the gas station or not."); *Hambrick v. Wal-Mart Stores E., LP*, No. 4:14-CV-66, 2014 WL 1921341, at *2, 4 (M.D. Ga. May 14, 2014) (finding the defendants had not carried their burden of demonstrating the store manager was fraudulently joined even though he was not physically present at the store at the time of the incident).

---

[6] The Court also notes the plaintiff in *Newman* did not cite any authority or support for his arguments that the store manager could be held liable. 2015 WL 7258497, at *4. That is not the case here.

10

At this stage, the Court is unable to say conclusively there is no possibility Plaintiffs' complaint states a viable cause of action against Defendant Dixon. *See Parker v. Goshen Realty Corp.*, No. 5:11-CV-136, 2011 WL 3236095, at *2 (M.D. Ga. July 28, 2011) ("[T]he Court cannot at this time conclude solely because [the defendant store manager] was not in the store at the time of the incident that he had no involvement with the incident and that there is no possibility of recovery against him."). The Court does not suggest Plaintiffs' claims against Defendant Dixon will survive past summary judgment. The evidence obtained during discovery will determine that. For now, the Court merely holds that a store manager, under certain circumstances and with sufficient supervisory authority, may be liable under Georgia's premises liability statute. "The fact that the plaintiffs may not ultimately prevail against the individual [employee] defendants because of an insufficient causal link between the defendants' actions and the plaintiffs' injuries does not mean that the plaintiffs have not stated a cause of action for purposes of the fraudulent joinder analysis." *Pacheco de Perez*, 139 F.3d at 1380.

The Court thus holds Defendant Dixon is a proper party to this action. Because Defendants failed to prove Plaintiff added Defendant

Dixon to the suit through fraudulent joinder, the Court considers his citizenship for ascertaining subject matter jurisdiction.

There is no dispute Plaintiffs and Defendant Dixon are citizens of Georgia. (Dkts. 1 ¶ 4; 20 ¶ 6.) Complete diversity of citizenship is thus lacking, and the Court does not have subject matter jurisdiction over this action. And statutorily, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The Court must do so here. *See Sinclair v. Auto-Owners Ins. Co.*, 22 F. Supp. 3d 1257, 1263 (N.D. Ga. 2014) ("A district court may remand a case *sua sponte* or upon a motion by a party pursuant to § 1447(c) if the district court determines that it lacks subject matter jurisdiction.").[7]

## IV. Conclusion

The Court **GRANTS** Plaintiffs' Motion to Remand and **REMANDS** this action to the State Court of DeKalb County, Georgia. (Dkt. 8.)

---

[7] Given the Court's conclusion that it lacks subject matter jurisdiction in this case, it will not consider Defendants' Motion to Dismiss. (Dkt. 26.) *See Univ. of S. Alabama*, 168 F.3d at 411 ("[A] federal court must remand for lack of subject matter jurisdiction notwithstanding the presence of other motions pending before the court.").

The Court **DENIES AS MOOT** Defendants' Motion to Dismiss. (Dkt. 26.)

**SO ORDERED** this 23rd day of May, 2022.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE